UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY BOURNES JR., and<br>DREAM JACKSON,<br><br>Defendants. | Case No. 23-CR-74 (RCL)<br><br>*let this be filed*<br>*Royce C. Lamberth*<br>*U.S.D.J. 10/5/23* |

GOVERNMENT'S STATEMENT OF OFFENSE
IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendants Gregory Bournes Jr.'s and Dream Jackson's Pleas of Guilty to Count One of the March 9, 2023, Indictment, charging each of them with Conspiracy to Commit an Offense Against or to Defraud the United States, in violation of 18 U.S.C. § 371.

**I.      The Penalties**

A violation of 18 U.S.C. § 371 carries a maximum sentence of five (5) years' imprisonment, a fine of up to $250,000, pursuant to 18 U.S.C. § 3571, or both; a term of supervised release of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.     The Elements of the Offense**

**The essential elements of a violation of 18 U.S.C. § 371 are that:**

(1) Two or more persons agreed to commit an offense or offenses against the United States, as charged in the indictment;

(2) The defendant was a party to or member of that agreement;

(3) The defendant joined the agreement or conspiracy knowing of its objective to commit an offense or offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit an offense or offenses against the United States; and

(4) At some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

As alleged in the March 9, 2023, Indictment, the objects of the conspiracy were to engage in (a) the business of dealing firearms without a federal firearms license and in the course of such business shipping, transporting, and receiving firearms in interstate commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A); (b) interstate travel with the intent to acquire firearms in furtherance of conduct constituting a violation of Title 18, United States Code, Section 922(a)(1)(A), in violation of Title 18, United States Code, Section 924(n); and (c) interstate shipping, transporting, and receiving firearms and ammunition in interstate commerce with the intent to commit a crime punishable by imprisonment for a term exceeding one year, that is, a violation of Title 18, United States Code, Section 922(a)(1)(A), in violation of Title 18, United States Code, Section 924(b).

**The essential elements of a violation of 18 U.S.C. § 922(a)(1)(A) are that:**

(1) The defendant engaged in the business of dealing in firearms;

(2) The defendant did not have a license to deal in firearms; and

(3) The defendant did so voluntarily and on purpose, not by mistake or accident.

To prove the defendant is a dealer, the government need not prove that the defendant's primary business was dealing in firearms, or that he necessarily even made a profit from such dealing. Rather, the government must show a willingness to deal, a profit motive, and a greater degree of activity than occasional sales by a hobbyist. *See United States v. Huffman*, 518 F.2d 80,

81 (4th Cir.), *cert. denied*, 423 U.S. 864 (1975). The government may do this by showing that the defendant "ha[d] guns on hand or [wa]s ready and able to procure them and sell them to such persons as might [have] accept[ed] them as customers." *United States v. Wilkening*, 485 F.2d 234, 235 (8th Cir. 1973).

**The essential elements of a violation of 18 U.S.C. § 924(n) are that:**

(1) The defendant intended to engage in conduct that would constitute a violation of 18 U.S.C. §922(a)(1)(A);

(2) The defendant traveled from a State or foreign country into any other State;

(3) The defendant acquired, or attempted to acquire, a firearm in such other State in furtherance of such purpose; and

(4) The defendant did so voluntarily and on purpose, not by mistake or accident.

**The essential elements of a violation of 18 U.S.C. § 924(b) are that:**

(1) The defendant intended to commit an offense punishable by imprisonment for a term exceeding one year, or had knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeded one year would be committed, with a firearm or ammunition;

(2) The defendant shipped, transported, or received said firearm and/or ammunition in interstate or foreign commerce; and

(3) The defendant did so voluntarily and on purpose, not by mistake or accident.

### III.   Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything that either defendant said, is it a recitation of all that the defendant said or did.

Beginning on or about February 2021, and continuing through at least February 19, 2022, in the District of Columbia and elsewhere, Defendants Gregory Bournes Jr. and Dream Jackson, along with other known and unknown individuals, knowingly and willfully conspired to obtain firearms from licensed firearms dealers in the States of Georgia and Texas, and to transfer and transport these firearms to the District of Columbia and elsewhere, for the purpose of unlawfully reselling these firearms for profit.

It was part of the conspiracy that, beginning on or about February 8, 2021, and continuing through at least February 16, 2022, Defendants Bournes Jr. and Jackson engaged in a pattern of purchasing firearms from licensed dealers in the States of Georgia and Texas. It was further part of the conspiracy that, during approximately the same period, Defendants Bournes Jr. and Jackson agreed to engage in financial transactions to trade the firearms they acquired for money, traveling over state lines to complete those transactions. Throughout the course of the conspiracy, both Defendants Bournes Jr. and Jackson regularly communicated with other individuals (and each other) about unlawfully selling firearms to those other individuals for profit. Neither Defendant Bournes Jr. nor Jackson is a licensed firearms dealer.

As part of that conspiracy, Defendants Bournes Jr. and Jackson committed at least the following overt acts in furtherance of the conspiracy and in order to effect the objects thereof:

    a.    On or about February 8, 2021, Defendant Jackson purchased a Glock 19, 9mm pistol bearing serial number AFDL813 from Garretts Sporting Goods, located in Texas.

    b.    On or about February 9, 2021, Defendant Jackson purchased (1) a Glock 44, .22 LR caliber pistol bearing serial number AERY666; (2) a Smith & Wesson M&P 40 Shield, .40 caliber pistol bearing serial number JHS2834; (3) a Stoeger STR 9C, 9mm pistol bearing serial

number T6429-20S05057; and (4) a Taurus G3, 9mm pistol bearing serial number ACA439262, all from Superior Outfitters, located in Texas.

  c. On or about February 11, 2021, Individual-1 contacted Defendant Jackson via Facebook Messenger to inquire about purchasing firearms from her, and Defendant Jackson indicated that she had firearms available for sale.

  d. On or about February 12, 2021, Defendant Jackson and Defendant Bournes Jr. communicated via text message about selling firearms to Individual-1. Individual-1 provided Defendant Jackson with his cell phone number.

  e. Between on or about April 5, 2021, and April 7, 2021, Defendant Jackson again corresponded with Individual-1 via Facebook Messenger about selling firearms to Individual-1.

  f. On or about April 7, 2021, Defendant Jackson and Defendant Bournes Jr. again communicated via text message about selling firearms to Individual 1.

  g. On or about April 7, 2021, Defendant Jackson exchanged numerous text messages with Individual-1.

  h. On or about April 8, 2021, Defendant Jackson was present in the area of Individual-1's residence in the District of Columbia.

  i. On or about May 30, 2021, Defendant Jackson purchased (1) a Smith & Wesson SD9VE, 9mm pistol bearing serial number FDC6464; (2) a Springfield XDS, 9mm pistol bearing serial number BA215744; (3) a Mossberg MC2c, 9mm pistol bearing serial number 001587MC; (4) a Canik TP-9SF, 9mm pistol bearing serial number 21AT12478; and (5) a Glock 17, 9mm pistol bearing serial number BTAX660, all from Spring Guns & Ammo, located in Texas; and also purchased (6) a Glock 44, .22 LR caliber pistol bearing serial number AFHW564; (7) a Glock 30S, .45 caliber pistol bearing serial number BTHY300; (8) a Taurus G3, 9mm pistol bearing serial

number ACD781281; (9) a Springfield XD9, 9mm pistol bearing serial number BA375222; and (10) a Smith & Wesson SD40VE, .40 caliber pistol bearing serial number FDF9818, all from Carter's County #1, located in Texas.

j. On or about July 12, 2021, Defendant Bournes Jr. purchased an FN 509, 9mm pistol bearing serial number GKS0206823 from Range, Guns & Safes, located in Georgia.

k. Between on or about July 13, 2021, and July 20, 2021, Defendant Bournes Jr. purchased an FN 503, 9mm pistol bearing serial number CV016465 from Range, Guns & Safes, located in Georgia.

l. Between on or about July 14, 2021, and July 20, 2021, Defendant Bournes Jr. purchased a Springfield XD-S, 9mm pistol bearing serial number BA343226 from Academy Sports #260, located in Georgia.

m. Between on or about August 1, 2021, and August 3, 2021, Defendant Bournes Jr. purchased a Glock 19, 9mm pistol bearing serial number BSXL977 from Academy Sports #107, located in Georgia.

n. Between on or about August 12, 2021, and August 13, 2021, Defendant Jackson purchased a Glock 29, 10mm pistol bearing serial number BTDT236 from Adventure Outdoors, located in Georgia.

o. On or about August 14, 2021, Defendant Bournes Jr. exchanged text messages with Individual-5 about selling firearms to Individual-5.

p. On or about August 17, 2021, Defendant Jackson purchased an FN 509, 9mm pistol bearing serial number GKS0223631, from Mainstreet Guns & Range, located in Georgia.

q. Between on or about August 17, 2021, and August 18, 2021, Defendant Bournes Jr. purchased a Glock 19, 9mm pistol bearing serial number BPED527 from Mainstreet Guns & Range, located in Georgia.

r. Between on or about September 1, 2021, and September 3, 2021, Defendant Jackson purchased a Glock 29, 10mm pistol bearing serial number BUDD300 from Adventure Outdoors, located in Georgia.

s. On or about September 3, 2021, Defendant Bournes Jr. purchased a Glock 43X, 9mm pistol bearing serial number BUER314 from Adventure Outdoors, located in Georgia.

t. Between on or about September 10, 2021, and September 14, 2021, Defendant Bournes Jr. purchased an American Tactical omni, .223 caliber pistol bearing serial number NS298300 from Mainstreet Guns & Range, located in Georgia.

u. On or about September 13, 2021, Defendant Jackson and Defendant Bournes Jr. communicated via text message about selling firearms to Individual-1.

v. Between on or about September 13, 2021, and September 15, 2021, Defendant Bournes Jr. purchased a Glock 19, 9mm pistol bearing serial number BUAU994 from Academy Sports #260, located in Georgia.

w. Between on or about September 15, 2021, and September 20, 2021, Defendant Bournes Jr. purchased a Smith & Wesson SD40VE, .40 caliber pistol bearing serial number FDK0542 from Academy Sports #107, located in Georgia.

x. Between on or about September 16, 2021, and September 20, 2021, Defendant Jackson purchased a Glock 19, 9mm pistol bearing serial number BUNX681, and Defendant Bournes Jr. purchased a Glock 19, 9mm pistol bearing serial number BTXH373, both from Bullseye Indoor Range & Gun Shop, located in Georgia.

y. Between on or about September 24, 2021, and September 25, 2021, Defendant Bournes Jr. and Defendant Jackson traveled from Georgia, where they then resided, to the District of Columbia area. During this time, both Defendant Bournes Jr. and Defendant Jackson exchanged numerous text messages with Individual-1, who resides in the District of Columbia.

z. Between on or about September 24, 2021, and September 27, 2021, Defendant Bournes Jr. exchanged text messages with Individual-5 about selling firearms to Individual-5.

aa. Between on or about September 29, 2021, and September 30, 2021, Defendant Bournes Jr. purchased (1) a Kel-Tec CP33, .22 LR caliber pistol bearing serial number MGC43; and (2) a Glock 17, 9mm pistol bearing serial number ABPC908, both from Academy Sports #260, located in Georgia.

bb. Between on or about September 30, 2021, and October 4, 2021, Defendant Bournes Jr. purchased (1) a Ruger 57, 5.7x28mm pistol bearing serial number 643-38382; and (2) a Glock 23, .40 caliber pistol bearing serial number BLLZ239, both from Bullseye Indoor Range & Gun Shop, located in Georgia.

cc. On or about October 5, 2021, Defendant Bournes Jr. sent text messages to Defendant Jackson indicating that he intended to file a false renter's insurance claim premised on a fabricated burglary of their shared residence.

dd. On or about October 6, 2021, Defendant Bournes Jr. reported a burglary to the DeKalb County Police Department. Defendant Bournes Jr. falsely reported that, among other items, four firearms had been stolen: (i) the Glock 19 bearing serial number BUNX681, which Defendant Jackson had purchased between on or about September 16, 2021, and September 20, 2021 (and which was later recovered from Individual-6—who is a relative of Individual-1—in Prince George's County, Maryland, on or about December 4, 2021); (ii) the Glock 19 bearing

serial number BTXH373, which Defendant Bournes Jr. had purchased between on or about September 16, 2021, and September 20, 2021; (iii) the Smith & Wesson SD40VE bearing serial number FDK0542, which Defendant Bournes Jr. had purchased between on or about September 15, 2021, and September 20, 2021; and (iv) the Glock 17 bearing serial number BUAU994, which Defendant Bournes Jr. had purchased between on or about September 13, 2021, and September 15, 2021.

ee.     On or about October 7, 2021, Defendant Bournes Jr. purchased a Ruger 57, 5.7x28mm pistol bearing serial number 643-39445 from Bullseye Indoor Range & Gun Shop, located in Georgia.

ff.     Between on or about October 7, 2021, and October 8, 2021, Defendant Bournes Jr. purchased (1) a Glock 19, 9mm pistol bearing serial number BUAU975; and (2) a Glock 26, 9mm pistol bearing serial number BUST426, both from Academy Sports #257, located in Georgia.

gg.     On or about October 12, 2021, Defendant Bournes Jr. purchased a Glock 31, .357 SIG caliber pistol bearing serial number BUGC216, from Mainstreet Guns & Range, located in Georgia.

hh.     On or about October 14, 2021, Defendant Bournes Jr. purchased a Glock 23, .40 caliber pistol bearing serial number UXL993, from Adventure Outdoors, located in Georgia.

ii.     On or about October 19, 2021, Defendant Bournes Jr. purchased a Glock 30S, .45 caliber pistol bearing serial number WZE421 from Dead Center Indoor Gun Range, located in Georgia.

jj.     Between on or about October 19, 2021, and October 20, 2021, Defendant Bournes Jr. purchased a Glock 27, .40 caliber pistol bearing serial number BUSU200 from Academy Sports #257, located in Georgia.

kk.     On or about October 26, 2021, Defendant Bournes Jr. communicated with Individual-2 via text message about selling firearms to Individual-2, Individual-3, and Individual-4. Defendant Bournes Jr. indicated that he was in a store purchasing firearms. Defendant Bournes Jr. at first indicated that he had obtained a "Sccy 9" for Individual-3 and a "Ruger 9" for Individual-4, but then indicated he would sell the Ruger to Individual-2 and an "FN" to Individual-4. Defendant Bournes Jr., who was at the time in Georgia, proposed that Individual-2 meet him the next day in Lanham, Maryland, to complete the transaction.

ll.     On or about October 26, 2021, Defendant Bournes Jr. also communicated with Individual-4 via text message about selling firearms to Individual-4.

mm.     On or about October 26, 2021, Defendant Bournes Jr. purchased (1) a Ruger Security-9, 9mm pistol bearing serial number 384-82393, and (2) a SCCY CPX-2, 9mm pistol bearing serial number C178361, both from Adventure Outdoors, located in Georgia.

nn.     On or about October 27, 2021, Defendant Bournes Jr. communicated with Individual-2 via text message about meeting with Individual-2 and Individual-4 in Lanham, Maryland. Defendant Bournes Jr. traveled to Lanham, Maryland, consistent with the text conversation.

oo.     On or about October 31, 2021, Defendant Bournes Jr. purchased (1) a Glock 19, 9mm pistol bearing serial number BUAP841; and (2) a Glock 43X, 9mm pistol bearing serial number BUVG216, both from Duncan & Company, located in Georgia.

pp.     Between on or about October 31, 2021, and November 16, 2021, Defendant Bournes Jr. purchased a Glock 26, 9mm pistol bearing serial number BUST186 from Academy Sports #192, located in Georgia.

qq. On or about November 1, 2021, Defendant Bournes Jr. purchased a Glock 23, .40 caliber pistol bearing serial number BUCV360 from Dead Center Indoor Gun Range, located in Georgia.

rr. On or about November 2, 2021, Defendant Bournes Jr. purchased a Glock 30, .45 caliber pistol bearing serial number VHM940 from Appalachian Outfitters GA, located in Georgia.

ss. On or about November 12, 2021, Defendant Bournes Jr. purchased (1) a Glock 27, .40 caliber pistol bearing serial number SEB098; and (2) a Glock 17, 9mm pistol bearing serial number BUGR904, both from Mainstreet Guns & Range, located in Georgia.

tt. Between on or about November 12, 2021, and November 16, 2021, Defendant Jackson purchased a Glock 19, 9mm pistol bearing serial number BUAR602 from Mainstreet Guns & Range, located in Georgia.

uu. On or about November 13, 2021, Defendant Bournes Jr. communicated with Individual-4 via text message about selling firearms to Individual-4.

vv. Between on or about November 13, 2021, and November 18, 2021, Defendant Bournes Jr. communicated with Individual-5 via text message about selling firearms to Individual-5. In the course of these communications, Defendant Bournes Jr. revealed to Individual-5 that he was present in the District of Columbia.

ww. On or about November 17, 2021, Defendant Bournes Jr. purchased a Shadow Systems MR920, 9mm pistol bearing serial number SSC058035 from Adventure Outdoors, located in Georgia.

xx. On or about November 20, 2021, Defendant Bournes Jr. purchased a Glock 19, 9mm pistol bearing serial number BUPA702 from Academy Sports #257, located in Georgia.

yy. On or about November 24, 2021, Defendant Bournes Jr. purchased a Glock 19X, 9mm pistol bearing serial number BKCC860 from Adventure Outdoors, located in Georgia.

zz. On or about November 26, 2021, Defendant Bournes Jr. purchased (1) a Glock 32, .357 SIG caliber pistol bearing serial number BVAY574 from Bullseye Indoor Range and Gun Shop, located in Georgia; and (2) a Glock 27, .40 caliber pistol bearing serial number BTZK866 from Mainstreet Guns & Range, located in Georgia.

aaa. On or about November 27, 2021, Defendant Bournes Jr. purchased a Glock 23, .40 caliber pistol bearing serial number BUWH673 from Academy Sports #257, located in Georgia.

bbb. On or about December 4, 2021, Defendant Bournes Jr. purchased a Glock 32, .357 SIG caliber pistol bearing serial number BDWT284 from Adventure Outdoors, located in Georgia.

ccc. On or about December 7, 2021, Defendant Bournes Jr. purchased (1) a Ruger 57, 5.7x28mm pistol bearing serial number 642-01520, from Bullseye Indoor Range & Gun Shop, located in Georgia; and (2) a Glock 26, 9mm pistol bearing serial number BUKT198 from Mainstreet Guns & Range, located in Georgia.

ddd. On or about January 11, 2022, Defendant Bournes Jr. purchased (1) a Glock 26, 9mm pistol bearing serial number AFSF626; and (2) a Glock 36, .45 caliber pistol bearing serial number BABL383, both from Adventure Outdoors, located in Georgia.

eee. On or about January 15, 2022, Defendant Bournes Jr. purchased a Glock 48, 9mm pistol bearing serial number BVXR372 from Academy Sports #118, located in Georgia.

fff. On or about January 18, 2022, Defendant Bournes Jr. purchased a Glock 23, .40 caliber pistol bearing serial number EXR994US from Adventure Outdoors, located in Georgia.

ggg.     On or about January 21, 2022, Defendant Bournes Jr. purchased (1) a Glock 30, .45 caliber pistol bearing serial number BUSW378; and (2) a Glock 17, 9mm pistol bearing serial number VPU794, both from Adventure Outdoors, located in Georgia.

hhh.     On or about January 27, 2022, Defendant Bournes Jr. purchased (1) a Glock 20, 10mm pistol bearing serial number BVKU918 from Bass Pro Shops #038, located in Georgia; and (2) a Glock 29, 10mm pistol bearing serial number BVLL918 from Arrowhead Pawn, located in Georgia.

iii.     On or about February 1, 2022, Defendant Bournes Jr. purchased (1) a Glock 30, .45 caliber pistol bearing serial number BVLN417 from Bass Pro Shops #038, located in Georgia; and (2) an HK 416, .22 LR caliber pistol bearing serial number HB053146 from Arrowhead Pawn, located in Georgia.

jjj.     On or about February 4, 2022, Defendant Bournes Jr. purchased (1) a Glock 43, 9mm Luger caliber pistol bearing serial number AGAA984, and (2) a Glock 29, 10mm pistol bearing serial number BVYA562, both from Cabela's #457, located in Georgia.

kkk.     On or about February 5, 2022, Defendant Bournes Jr. purchased a Glock 30, .45 caliber pistol bearing serial number FTV875 from Adventure Outdoors, located in Georgia.

lll.     On or about February 7, 2022, Defendant Bournes Jr. purchased a Glock 23, .40 caliber pistol bearing serial number AFZH391 from Dead Center Indoor Gun Range, located in Georgia.

mmm.   On or about February 8, 2022, Defendant Bournes Jr. purchased (1) a Glock 17, 9mm pistol bearing serial number BWAD468, and (2) a Century Arms Draco NAK9, 9mm pistol bearing serial number RON2163255, both from Dead Center Indoor Gun Range, located in Georgia.

nnn. On or about February 9, 2022, Defendant Bournes Jr. purchased a Springfield XDM, .40 caliber pistol bearing serial number MG308736 from Adventure Outdoors, located in Georgia.

ooo. Between on or about February 9, 2022, and February 15, 2022, Defendant Jackson purchased a Glock 30, .45 caliber pistol bearing serial number 1EPW987US from Adventure Outdoors, located in Georgia.

ppp. On or about February 11, 2022, Defendant Bournes Jr. purchased a Glock 19, 9mm pistol bearing serial number BSXW725 from Appalachian Outfitters GA, located in Georgia.

qqq. On or about February 15, 2022, Defendant Bournes Jr. purchased (1) a Glock 30, .45 caliber pistol bearing serial number 1EPW970US; and (2) a Glock 23, .40 caliber pistol bearing serial number BDNN697, both from Adventure Outdoors, located in Georgia.

rrr. On or about February 16, 2022, Defendant Bournes Jr. purchased (1) a Glock 27, .40 caliber pistol bearing serial number ZPD897, from Adventure Outdoors, located in Georgia; and (2) a Glock 29, 10mm pistol bearing serial number BWEN414 from Arrowhead Pawn, located in Georgia.

sss. On or about February 19, 2022, Defendant Bournes Jr. traveled from Georgia to Alexandria, Virginia, where he met with Individual-4. Defendant Bournes Jr. was in possession of five firearms purchased in Georgia within the prior three weeks: (i) the Glock 27 bearing serial number ZPD897, which Defendant Bournes Jr. had purchased on or about February 16, 2022; (ii) the Glock 19 bearing serial number BSXW725, which Defendant Bournes Jr. had purchased on or about February 11, 2022; (iii) the Springfield XDM bearing serial number MG308736, which Defendant Bournes Jr. had purchased on or about February 9, 2022; (iv) the Glock 17 bearing serial number BWAD468, which Defendant Bournes Jr. had purchased on or about February 8,

2022; and (v) the HK 416 bearing serial number HB053146, which Defendant Bournes Jr. had purchased on or about February 1, 2022.

**Defendants' Acknowledgements**

The defendants, Gregory Bournes Jr. and Dream Jackson, each acknowledge that: (1) they conspired to, and did, transfer firearms to other individuals for money; (2) they conspired to, and did, engage in the business of dealing in firearms and in so doing showed a willingness to deal, a profit motive, and a greater degree of activity than the occasional sales of a hobbyist; (3) neither is or has ever been a licensed firearm dealer, importer, manufacturer, or collector—and neither is otherwise lawfully entitled or approved to deal in firearms; (4) in furtherance of their goal to engage in the business of dealing in firearms without a license, they conspired to, and did, (a) travel from one State into another State for the purpose of acquiring firearms in such other State, and (b) transported firearms in interstate commerce; (5) they each knew or had reason to believe that their conduct would result in prohibited persons receiving firearms; and (6) at all relevant times, they each acted voluntarily and on purpose, not by mistake or accident. Each defendant further acknowledges that he or she has reviewed the allegations in the Indictment that relate to his or her co-defendant and admits that the allegations are true or that he or she does not have information to dispute or disprove those allegations as set forth in the Indictment.

Paul V. Courtney
Assistant United States Attorney
Christine A. Pattison
Special Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this factual proffer and have discussed it with my attorney, Christopher M. Davis, Esq. I agree to it and acknowledge that everything in this statement is true and correct. I do this voluntarily and of my own free will.

Date: 10/5/23

Gregory Bournes, Jr.
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read every page of this factual proffer, reviewed and discussed it with my client, Gregory Bournes Jr. and have no reason to disagree with my client's desire to plead guilty as set forth in the plea agreement and proffer.

Date: 10-5-23

Christopher M. Davis, Esq.
Attorney for Defendant Gregory Bournes Jr.

## DEFENDANT'S ACCEPTANCE

I have read every page of this factual proffer and have discussed it with my attorney, Pleasant S. Brodnax, III, Esq. I agree to it and acknowledge that everything in this statement is true and correct. I do this voluntarily and of my own free will.

Date: 10/5/23

_____
Dream Jackson
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read every page of this factual proffer, reviewed and discussed it with my client, Dream Jackson, and have no reason to disagree with my client's desire to plead guilty as set forth in the plea agreement and proffer.

Date: 10/5/23

_____
Pleasant S. Brodnax, III
Attorney for Defendant Dream Jackson